Court, however, did not address whether damages for the loss of guidance, tutelage, and general upbringing of a child could be awarded against a Commonwealth agency.

Therefore, given the plain language of the Sovereign Immunity Act, we hold a parent may not recover non-pecuniary losses from the Commonwealth resulting from the death of a child because such action is barred by the Act. Thus, we affirm the order of the Commonwealth Court prohibiting the recovery of such damages.

Order affirmed. Jurisdiction relinquished.

Justice NEWMAN did not participate in the consideration or decision of this case.

Justice SAYLOR files a concurring opinion in which Justice NIGRO joins.

Chief Justice CAPPY concurs in the result.

SAYLOR, Justice concurring.

I join the majority opinion, as the common-law precedent of this Court (of which the General Assembly is presumed to be aware in crafting legislation), limits consortium claims to the spousal setting. I note only that, to the extent that the majority opinion relies on a plain meaning approach, I am in alignment insofar as this connotes plain meaning as informed by the common-law development. Absent this context, I would tend toward the broader view of consortium, as reflected, for example, in Black's Law Dictionary, which includes filial and parental consortium under the general definition. *See* BLACK'S LAW DICTIONARY 304 (7th ed.1999); *see also Brandon ex rel. Estate of Brandon v. County of Richardson*, 261 Neb. 636, 624 N.W.2d 604, 625 (2001) ("This court has consistently recognized that in an action for wrongful death of a child, recoverable damages include parental loss of the child's society, comfort, and companionship."). In this regard, and in fairness, I also acknowledge that the contrary interpretation is not without support outside of the Pennsylvania common law. *See, e.g.,* BLACK'S LAW DICTIONARY 958 (defining "loss of consortium" as the "loss of benefits that one spouse is entitled to receive from the other").

Justice NIGRO joins this concurring opinion.

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Alvin TORRES, Appellee.**

Supreme Court of Pennsylvania.

Submitted Jan. 13, 2004.

Decided Aug. 18, 2004.

Donald R. Totaro, Janna Rae Steinruck, for Com. of Pa.

Douglas Andrew Conrad, Reading, James J. Karl, for Alvin Torres.

Before CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, BAER, JJ.

## ORDER

PER CURIAM.

**AND NOW,** this 18th day of August, 2004, the order of the Lancaster County Court of Common Pleas is reversed insofar as it declared the Registration of Sexual Offenders Act unconstitutional, and the case is remanded for further proceedings. *See Commonwealth v. Williams,* 574 Pa. 487, 832 A.2d 962 (2003); *Commonwealth v. Maldonado,* 576 Pa. 101, 838 A.2d 710 (2003).

Justice EAKIN did not participate in the consideration or decision of this case.

**COMMONWEALTH of Pennsylvania,**
**Appellant,**

v.

**Hans ROS, Appellee.**

Supreme Court of Pennsylvania.

Submitted Jan. 13, 2004.

Decided Aug. 18, 2004.

Janna Rae Steinruck, James Jude Karl, for Com. of Pa.

James Arthur Gratton, for Hans Ros.

Before CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, BAER, JJ.

## ORDER

PER CURIAM.

**AND NOW,** this 18th day of August, 2004, the order of the Lancaster County Court of Common Pleas is reversed insofar as it declared the Registration of Sexual Offenders Act unconstitutional, and the case is remanded for further proceedings. *See Commonwealth v. Williams,* 574 Pa. 487, 832 A.2d 962 (2003); *Commonwealth v. Maldonado,* 576 Pa. 101, 838 A.2d 710 (2003).

Justice EAKIN did not participate in the consideration or decision of this case.

**COMMONWEALTH of Pennsylvania,**
**Appellant,**

v.

**Pelegrin Fernandez SERRANO,**
**Appellee.**

Supreme Court of Pennsylvania.

Submitted Jan. 13, 2004.

Decided Aug. 18, 2004.

Donald R. Totaro, Janna Rae Steinruck, for Com. of Pa.

Robert H. Reese, Jr., Lancaster, for Pelegrin Fernandez Serrano.